IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   **Criminal No. 23-19** |
| | ) |
| **LEE ANN BENNINGHOFF** | ) |

### Memorandum Opinion and Order

Defendant Lee Ann Benninghoff has filed a Motion for Early Termination of Supervised Release. ECF No. 32. The government has filed a Response opposing the Motion, to which Ms. Benninghoff had filed a Reply. ECF Nos. 35 & 36. On March 16, 2023, Ms. Benninghoff waived indictment by grand jury and pleaded guilty to counts 1 and 2 of an Information, charging conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, and Bank Fraud in violation of 18 U.S.C. § 1344(1) and 2. Her calculated guideline sentence range was 0 to 6 months' imprisonment. The sentencing Court imposed a sentence of one day incarceration to be followed by 2 years of supervised release. Ms. Benninghoff began her term of supervision, on July 12, 2023. Thus, her term of supervision is set to expire in mid-July 2025, or in approximately five-six months. For the reasons explained below, Ms. Benninghoff's Motion will be denied

**I.   Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

"The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III. Discussion

Ms. Benninghoff argues that early termination of her supervised release is warranted based on the fact that she has successfully complied with the terms and conditions of her supervised release, which has lasted for more than half of the original term. She also reports that her probation officer takes no position as to the resolution of the Motion. The government

---

[1] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[2] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

reports that the probation officer reports that Ms. Benninghoff is on "low" supervision, she has no known supervision violations, and the probation officer only visits her once every six months. She also argues that termination of supervision will permit her the opportunity to travel to Italy to visit relatives.

In opposing termination of supervised release, the government argues that supervision is working in this case and, in light of the serious offense of conviction, termination of supervision is not warranted. The government also argues that Ms. Benninghoff has offered no reason to show that her original term of supervision of two years is not appropriate in this case.

Ms. Benninghoff has been compliant with the terms of her supervision; however, the fact of compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in most cases. There is no evidence that Ms. Benninghoff's terms of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, or to protect the public. Ms. Benninghoff's offense of conviction is serious: she engaged in a three-year conspiracy to use fraudulent bank documents to obtain mortgages. As noted, Ms. Benninghoff was sentenced to the low end of the guideline range, and received a one-day sentence of imprisonment, which she served on the day of sentencing. I also determined that the low end of the guideline range for a term of supervised release was appropriate in this case.

Our standard for evaluating whether early termination is warranted is broad: we are to determine whether the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). It is to be hoped that all defendants on supervised release successfully comply with the conditions of supervision. Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of

3

supervised release in most cases. In this case, we also have a Probation Officer who has supervised Ms. Benninghoff, and who reports that her compliance with the terms of conditions of supervised release are such that the Probation Office deems her to be on "low" supervision, requiring only one visit every six months.

The offense in this case is very serious. It involved a fraudulent conspiracy to illegally obtain mortgages. Significantly, the Court imposed a sentence at the low end of the guideline range. With respect to the two-year term of supervised release imposed, it is important to highlight that the Court could have imposed a term of supervised release of three, four, or five years, but did not. The Court imposed the two-year term believing it was sufficient, but not greater than necessary, to meet the goals of sentencing in Ms. Benninghoff's case. The Court believed a two-year term would adequately address the goals of punishment, rehabilitation, and deterrence in this case. The term of supervision is nearly over. Ms. Benninghoff has not identified any hardship she is suffering due to the terms and conditions of supervision that would warrant termination of supervised release. The fact that supervised release means that travel to Italy is not possible, or if it is, is cumbersome, is a not an unusual consequence flowing from a federal conviction.

## IV.   Conclusion

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), and Ms. Benninghoff's conduct while on supervision, the Court concludes that the original term of supervision remains an appropriate term of supervised release.

Accordingly, the following Order is hereby entered.

AND NOW, this 24th day of January 2025, it is hereby ORDERED, that Lee Ann Benninghoff's Motion for Early Termination of Supervised Release, ECF No. 32, is DENIED.

_____
Marilyn J. Horan
United States District Court Judge